

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH HARVEY,<br>　　　Plaintiff<br><br>　　　v.<br><br>PLAINS TOWNSHIP POLICE DEPT.,<br>EDWARD J. WALSH, RONALD<br>DOMBROSKI, PLAINS TOWNSHIP<br>BOARD OF COMMISSIONERS, and<br>JOAN A. CHUKINAS,<br>　　　Defendants | CIVIL ACTION – LAW<br><br>NO. 3:CV-01-1768<br><br>JURY TRIAL DEMANDED<br><br>The Honorable A. Richard Caputo |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS PLAINS TOWNSHIP POLICE DEPARTMENT, EDWARD J. WALSH, RONALD DOMBROSKI AND PLAINS TOWNSHIP BOARD OF COMMISSIONERS

1.　Denied. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that Paragraph 1 of the Complaint alleges or purports to allege that the answering Defendants violated or conspired to violate the Plaintiff's federally protected rights, such allegations are specifically denied.

2.　Denied. The allegations are conclusions of law and/or fact to which no answer is required.

3.　Denied.

4.　Admitted.

5.　Admitted.

6.　Admitted.

7.　Admitted.

FILED
SCRANTON
FEB 07 2002
PER _____
DEPUTY CLERK

8.  Admitted in part, denied in part. It is denied that Plains Township is a second class township. To the contrary, Plains Township is a first class township. The remaining allegations are admitted.

9.  Admitted.

10. Admitted in part, denied in part. It is admitted that Edward J. Walsh and Ronald Dombroski, as well as Joan A. Chukinas, have been named as Defendants in the Complaint. The remaining allegations are conclusions of law and/or fact to which no answer is required. To the extent than an answer may be required, the allegations are denied.

11. Admitted in part, denied in part. It is admitted that Plains Township Police Department and Plains Township Board of Commissioners have been named as Defendants in the Complaint. The remaining allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied.

12. Admitted.

13. Admitted in part, denied in part. It is admitted that Plaintiff obtained a Protection from Abuse ("PFA") Order following a hearing on or about August 17, 1999. The remaining allegations are denied on the basis that the answering Defendants are without information or knowledge sufficient to form a belief as to the truth thereof.

14.   Denied. The allegation relates to a written document which speaks for itself and, therefore, any attempt to interpret, summarize, characterize or quote portions thereof is denied.

15.   Admitted in part, denied in part. It is admitted that Edward Olowiany returned to the aforesaid apartment on August 17, 1999, accompanied by a member of the Plains Township Police Department, to pick up his personal belongings pursuant to the PFA Order. The remaining allegations are denied on the basis that the answering Defendants are without information or knowledge sufficient to form a belief as to the truth thereof.

16.   Denied. The answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations.

17.   Admitted in part, denied in part. It is admitted that Defendant Dombroski accompanied Edward Olowiany on September 18, 1999 when the latter returned to the aforesaid apartment for the ostensible purpose of picking up some personal belongings. The remaining allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied.

18.   Denied. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied.

19. Denied. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied.

## COUNT I

### Plaintiff v. Ronald Dombroski and Joan A. Chukinas

20. The answers set forth above in Paragraphs 1 through 19 are incorporated herein by reference.

21. Denied as to Defendant Dombroski. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied. By way of further answer, it is specifically denied that Defendant Dombroski acted or conducted himself in a manner which violated the Plaintiff's federally protected rights.

22. Denied as to Defendant Dombroski. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied. By way of further answer, it is specifically denied that Defendant Dombroski acted or conducted himself in a manner which violated the Plaintiff's federally protected rights. The allegations regarding Plaintiff's injuries and damages are denied on the basis that Defendant Dombroski is without information or knowledge sufficient to form a belief as to the truth thereof.

23. Denied as to Defendant Dombroski. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer

may be required, the allegations are denied. By way of further answer, it is specifically denied that Defendant Dombroski acted or conducted himself in a manner which violated the Plaintiff's federally protected rights.

THEREFORE, Defendant Ronald Dombroski demands judgment in his favor and against Plaintiff.

## COUNT II

### Plaintiff v. Edward J. Walsh and Plains Township Police Department

24. The answers set forth above in Paragraphs 1 through 23 are incorporated herein by reference.

25. Denied. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied. By way of further answer, Defendants Walsh and Plains Township Police Department did not commit any act that violated the Plaintiff's federally protected rights.

26. Denied. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied. By way of further answer, Defendants Walsh and Plains Township Police Department did not commit any act that violated the Plaintiff's federally protected rights.

WHEREFORE, Defendants Edward J. Walsh and Plains Township Police Department demand judgment in their favor and against Plaintiff.

## COUNT III

### Plaintiff v. Plains Township Board of Commissioners

27. The answers set forth above in Paragraphs 1 through 26 are incorporated herein by reference.

28. Denied. The allegations are conclusions of law and/or fact to which no answer is required.

29. Denied. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied. By way of further answer, it is specifically denied that the Plains Township Board of Commissioners had any knowledge of the events of September 18, 1999, as alleged in the Complaint, at any time prior thereto. It is further specifically denied that the Plains Township Board of Commissioners acted negligently or committed any act that violated the Plaintiff's federally protected rights.

30. Denied. The allegations are conclusions of law and/or fact to which no answer is required. To the extent that an answer may be required, the allegations are denied. By way of further answer, it is specifically denied that the Plains Township Board of Commissioners committed any act that violated the Plaintiff's federally protected rights, and it is further specifically denied that Defendants Walsh, Dombroski and the Plains Township Police Department acted toward Plaintiff in a manner that was unlawful, deliberate and/or malicious. The remaining allegations as to Plaintiff's purported injuries and damages are denied

on the basis that the answering Defendants are without information or knowledge sufficient to form a belief as to the truth thereof.

WHEREFORE, Defendant Plains Township Board of Commissioners demands judgment in its favor and against Plaintiff.

### **AFFIRMATIVE DEFENSES**

1.   The answering Defendants have not deprived or engaged in conduct intended to deprive the Plaintiff of her federally protected rights.

2.   The answering Defendants did not commit any acts or engage in any conduct which violated the Plaintiff's federally protected rights.

3.   The answering Defendants did not commit any acts or engage in any conduct which violated the Plaintiff's civil rights.

4.   The Complaint fails to set forth causes of action upon which relief may be granted against the answering Defendants.

5.   The answering Defendants have not conspired or engaged in conduct, among themselves or with others, intended to deprive the Plaintiff of her federally protected rights.

6.   The individual answering Defendants are entitled to qualified immunity.

7.   Plaintiff's claims may be barred by the applicable statute of limitations.

8.   The answering Defendants did not act with reckless or deliberate indifference toward the Plaintiff.

9.   The answering Defendants did not conspire or engage in conduct which deprived the Plaintiff of her right to equal protection under the law in violation of

the Fourth, Fifth and Fourteenth Amendments to the United States Constitution or 42 U.S.C. § 1983.

10. The Complaint fails to state causes of action upon which punitive damages may be awarded.

11. Punitive damages may not be awarded against the Plains Township Police Department or the Plains Township Board of Commissioners.

WHEREFORE, Defendants Plains Township Police Department, Edward J. Walsh, Ronald Dombroski and Plains Township Board of Commissioners demand judgment in their favor and against Plaintiff.

THOMAS, THOMAS & HAFER, LLP

*C. Kent Price*

C. Kent Price, Esquire
Supreme Court ID # 06776
305 North Front Street
P.O. Box 999
Harrisburg, PA. 17108
(717) 255-7632

ATTORNEYS FOR DEFENDANTS PLAINS TOWNSHIP POLICE DEPARTMENT, EDWARD J. WALSH, RONALD DOMBROSKI and PLAINS TOWNSHIP BOARD OF COMMISSIONERS

157005.1

## CERTIFICATE OF SERVICE

AND NOW, this 6 day of February, 2002, I, C. KENT PRICE, ESQUIRE, for the firm of THOMAS, THOMAS & HAFER, LLP, attorneys for Defendants Plains Township Police Department, Edward J. Walsh, Ronald Dombroski, Plains Township Board of Commissioners, hereby certify that I have this day served the within Answer and Affirmative Defenses of Defendants Plains Township Police Department, Edward J. Walsh, Ronald Dombroski and Plains Township Board of Commissioners by depositing a copy of the same in the United States Mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to:

Elizabeth Harvey, Pro Se
Dundee Apartments, #10
Middle Road
Wilkes Barre, PA 18702

Robert T. Panowicz, Esquire
Christine M. Trottini, Esquire
11 West Market Street, Suite 1122
Wilkes-Barre, PA 18701

THOMAS, THOMAS & HAFER, LLP

_____
C. Kent Price, Esquire