

```
The Honorable A. Richard Caputo         FILED
United States District Judge            SCRANTON
United States District Court
Federal Building                        MAY 22 2002
235 North Washington Avenue
P.O. Box 1148                           PER _____ga_____    May 22, 2002
Scranton, Pa. 18501                         DEPUTY CLERK
```

RE: HARVEY VS. PLAINSTOWNSHIP POLICE DEPT., ET AL.
    DOCKET NO. 3:CV-01-1768 (JUDGE CAPUTO )

OPEN LETTER AS A MATTER OF RECORD TO HONORABLE JUDGE CAPUTO
REGARDING CASE MANAGEMENT CONFERENCE TO BE HELD 5-24-02 10:00 a.m.
CONTENTS ATTACHED - THREE (3) EXHIBITS AND TWO (2) AFFIDAVITS

Dear Judge Caputo:

To date, this Honorable Court has not ruled upon Plaintiff's Motion For Reconsideration of Court's ORDER/MEMORANDUM dated April 11, 2002, as filed by plaintiff on April 22, 2002.

In the latter regard and also in regard to the 'Conference' as scheduled by ORDER of the Court for May 24, 2002 at 10:00 a.m., plaintiff is of the belief that she will be prejudiced by the fact that she is not represented by counsel, and thus plaintiff finds herself at a very disadvantageous position. However, plaintiff fully intends to present herself as ordered, in the belief that the Court will protect her rights.

Additionally, and for whatever purpose this letter may serve the Court, along with its contents above noted, plaintiff wishes to alert the Court specifically to EXHIBIT "C", which was and is an itemized list of household property that was missing after the alleged break-in to my court orderd 'exclusive residence'. The itemized 'list' was prepared by me when I reported the matter to the Luzerne County District Attorney's office several days latter after September 18, 1999 which was a Saturday. The person to whom I complained to at the D.A.'s office, was a staff person named "KAREN", who advised me to make out the list and bring it back to the D.A's office, which I did with a witness present.

Respectfully your Honor, the specific content of EXHIBIT "B" clearly reveals that the items referred to were household property items believed governed by the Order of the Court of Common Pleas of Luzerne County on August 17, 1999 which granted me exclusive possession thereof at 80 East Cary Street, Plains, Pa. Accordingly, this noted 'Exhibit' was carefully omitted from the CHUKINAS'Disclosure Statement by reason that its content could not be considered "personal belongings" without modification of the August 17, 1999 Court Order (attached to plaintiff's complaint) to first determine the ownership of the property denoted thereto, to and including the itemized list of Exhibit "C" which was also removed on September 18, 1999, In further clairfication thereto, affidavits are hereto attached.

cc: With attachments to                     Very Respectfully yours,
    Robert T. Panowicz                      Elizabeth Harvey
    C. Kent Price                           Elizabeth Harvey

AFFIDAVIT OF ELIZABETH HARVEY

RE: ATTACHMENT TO LETTER OF MAY 22, 2002 TO HONORABLE
    JUDGE CAPUTO - CIVIL ACTION NO. 01-1768

State of Pennsylvania )
                       ) ss
County of LACKAWANNA   )

ELIZEBETH HARVEY, being first duly sworn, deposes and states that:

1. I am the plaintiff of the above identified action.

2. I was also a plaintiff in a P.F.A. hearing conducted by the Court of Common Pleas of Luzerne County on August 17, 1999 in which I was granted "exclusive possession" of the residence located on 80 East Carey Street, Plains, Pa., which I then shared with my ex boyfriend, Edward Olowiany, defendant of that matter.

3. During the P.F.A. process, my ex boyfriend was Ordered by the Court to return to the residence noted at 4: p.m. on 8-17-99 accompanied by a Plains Township Police Officer to recover his "personal belongings" only and never return again as I remember the said language of the Court.

4. At approximately 4: p.m. on 8-17-99, the Order of the Court was enforced and carried out in my presence of a Plains Township Police Officer.

5. I was told by the police officer who was there to enforce the Order noted, that I was to call my landlord and inform her of the events of the P.F.A. disposition and I did so by telephone conversation with Joan Chukinas on the afternoon of 8-17-99.

6. By letter of August 30, 1999, I was informed by Girard J. Mecadon that my ex boyfriend wanted "to recover items from the apartment" previously shared by myself and my ex boyfriend.

7. I ignored the content of the Mecadon letter directed to me by reason that the "items" noted in the letter herein identified as EXHIBIT "B" were household property items excluded by the August 17, 1999 Court Order.

8. During the week of September 15th thru the afternoon of September 18th, 1999, I was out of town and not at my residence but returned to my apartment with my friend, Anthony Catanzaro to find a letter in my mailbox from Attorney Mecadon which was dated September 15, 1999. In addition I then discovered that my apartment was believed broken into [1] until I discovered a note taped to the front entrance door from my landlord that read: "Beth I want you to call me <u>Joan</u>".

9. Both I and my friend, Anthony Catanzaro, immediately went to my landlord's home and spoke to Mrs. Chukinas about the event I discovered that afternoon and she told me, in the presence of Mr. Catanzaro, that she was at my apartment that afternoon by reason of the Mecadon letter and was "ordered by Officer Dombroski to open the door" of my residence to let Mr. Olowiany retrieve his items identified by the Mecadon letter, and that she had left the note referred to above.

10. Immediately upon leaving the Chukinas home, both I and Mr. Catanzaro went to the Plains Township Police Department to report the alleged violation within my residence to Officers O'Malley and Ceccoli who were on duty on September 18, 1999.

11. Officer Ceccoli took statements from both myself and Mr. Catanzaro as to the alleged violation of the 18th and also informed me to report the September 18, 1999 incident to the Luzerne County District Attorney's Office while also stating that they would "follow it up."

12. After that weekend, and sometime during the early part of the following work week, both I and Mr. Catanzaro went to the District Attorney's office and was finally interviewed by a staff person named "Karen" who upon information given to her, called Mr. Mecadon in our presence and spoke to him for several minutes and then told me to "make a list of the property missing" and provide that list to her.

13. Exhibit "C" is a copy of the itemized list I prepared and brought back the original to someone other than "Karen" at the District Attorney's Office who informed me that she would give it to "Karen" who was handling the matter, but out sick that day. Mr. Catanzaro was also present with me.

---

1. <u>By an outsider</u>

14. On several occasions I attempted to obtain a copy of a Police Report from the Plains Township Police Department regarding the event of which took place on August 17, 1999 wherein my ex boyfriend retrieved his personal belongings in my presence, and was refused the right to pay for the report of which I requested.

15. Again on May 20, 2002, both I and Mr. Catanzaro appeared at the Plains Township Police Department to request a copy of the August 17, 1999 incident, and a woman took my $15.00 and gave me a receipt for the report to be obtained later that day, and while we were about to leave the police station, Chief Walsh came out and instructed the woman to give me back my $15.00, told me to give the receipt back, and further told me that I could not have the copy because of the lawsuit.

16. Since I did not receive believed proper assistance from the Plains Township Police Department in the past, nor the Luzerne County District Attorney's office in the past under belief that I was getting the run-a-round, I elected to file this lawsuit in protection of my rights under the Fourth Amendment of the U.S. Constitution.

Respectfully submitted

*Elizabeth Harvey*
Elizabeth Harvey

Subscribed and sworn to before me this 21 day of May, 1999

*Donna Williams*
Notary Public

NOTARIAL SEAL
DONNA WILLIAMS, Notary Public
Dickson City, Lackawanna County, PA
My Commission Expires January 14, 2006

3

AFFIDAVIT OF ANTHONY CATANZARO

RE: ATTACHMENT TO LETTER OF MAY 22, 2002 TO
THE HONORABLE JUDGE CAPUTO - 3:-CV-01-1768

STATE OF PENNSYLVANIA } ss:
COUNTY OF LACKAWANNA

ANTHONY CATANZARO, being first duly sworn, deposes and states that:

1. I am the current boyfriend of Elizabeth Harvey. I've known Elizabeth for the past three years and I have assisted her in the preparation of her complaint in the above identified lawsuit and with various other matters concerning the complaint.

2. I read Elizabeth Harvey's affidavit and I can personally attest to the truthfullness of the content of paragraphs that are numbered 8.; 9.; 10,; 11.; 12.; 13.; 14.; and 15. of my own knowledge of events noted in the occurrences as revealed in such affidavit.

3. On May 21, 2002, around 12:15 p.m., Elizabeth Harvey and I went to the Plains Township Police Department one last time in an effort to obtain a copy of the August 17, 1999 event which resulted in the alleged violation of complaint allegations. Officer LUSSI searched the police Computer and found only dates associated to calls made by their department to Elizabeth Harvey's residence as being made on JUNE 11,1999 and SEPTEMBER 18, 1999, without any reference to the AUGUST 17, 1999 event.

Respectfully submitted,

*Anthony Catanzaro*
Anthony Catanzaro

Subscribed and sworn to before
me this 21 day of May, 2002

*Donna Williams*
Notary Public

NOTARIAL SEAL
DONNA WILLIAMS, Notary Public
Dickson City, Lackawanna County, PA
My Commission Expires January 14, 2006

Elizabeth Harvey _yours_, PLAINTIFF

AND/OR (please circle one, if applicable) ON BEHALF OF

_____,

vs.

Edward Olowiany, DEFENDANT
D.O.B - July 2, 1952
SS# -

: IN THE COURT OF COMMON PLEAS
: OF LUZERNE COUNTY, PENNSYLVANIA
: CIVIL ACTION LAW - PRO SE FORMAT
: PROTECTION FROM ABUSE
: NO. 5137 - C OF 199 9

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. The Plaintiff is the person suing you. Attached is a copy of the petition which indicates the relief the Plaintiff is requesting. Also included in the petition are the Plaintiff's reasons for this request.

If you do not appear at the hearing scheduled below, the order requested by the plaintiff may be granted in your absence, and you may lose money or property or other rights important to you. A bench warrant may be issued directing the sheriff to bring you into court.

If a TEMPORARY ORDER was granted, it is attached. You must obey it until the hearing. If you do not obey it the police can arrest you. Any violation of the temporary order shall constitute contempt of court and may be punishable by a fine up to $1000 and/or a jail sentence up to 6 months.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. YOU HAVE A RIGHT TO HAVE AN ATTORNEY REPRESENT YOU AT THE HEARING. IF YOU DO NOT HAVE A LAW-YER OR CANNOT AFFORD ONE, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU MAY GET LEGAL HELP. IF YOU ARE UNABLE TO OBTAIN A LAWYER YOU WILL DEFEND YOURSELF.

Lawyers Referral Service of Luzerne County
Telephone (717) 822-6712

CERTIFIED FROM THE RECORDS THIS
11 DAY OF Aug A.D. 19 99
CAROLEE A. MEDICO, PROTHONOTARY
PER _____

## ORDER FOR HEARING

The Plaintiff(s) and Defendant(s) is/are ordered to attend a hearing on the Petition for Protection Order scheduled below:

August, 17th, 199 9 at 9:30 A.M.
Month    Date    Year    Time

____ Orphans' Courtroom, Luzerne County Courthouse, Annex II, North Street
     Wilkes-Barre, Pennsylvania

✓ Luzerne County Courthouse, Courtroom # 2
  Wilkes-Barre, Pennsylvania

DATED  8/11/99

BY THE COURT

_____
Judge

# GIRARD J. MECADON
### ATTORNEY AT LAW

Telephone: (570) 654-5030      GREATER PITTSTON PROFESSIONAL CENTER      Facsimile: (570) 654-5021
126 SOUTH MAIN STREET, SUITE 200      email: mecadon@microserve.net
PITTSTON, PENNSYLVANIA 18640-1719

August 30, 1999

Elizabeth Harvey
80 East Carey Street, Apartment 1
Plains, PA 18705

    RE: Edward Olowiany

Dear Ms. Harvey:

    My client, Edward Olowiany, accompanied by the Plains Township Police Department, will present themselves at your residence to recover items from the apartment Mr. Olowiany previously shared with you.

    Listed below is an itemization of the property my client intends to recover.

Kitchen: Clear glasses, mugs, houseplants and silverware

Dining Room: Wooden sofa, two (2) tulip tables, one (1) oval table,
    One (1) black telephone, one (1) shadow box,
    Old hutch cupboard plus contents of said cupboard

Bedroom: One (1) bedroom suite paid for and refinished by
    my client and a Moses plant

TV Room: 27" cable TV and entertainment center, Moses plant

Additional: Personal and hygienic products owned by my client.

    Please call the undersigned, upon receipt of this correspondence, and advise of a convenient time within the next seven (7) days for you to meet my client and the Plains Township Police Department for said recovery.

                                        Very truly yours,
                                        LAW OFFICES OF GIRARD J. MECADON

GJM:mat
cc: Edward Olowiany                       GIRARD J. MECADON, ESQUIRE

(EXHIBIT "B")

1) 27" Zenith television set
2) Entertainment center
3) 150 VCR tapes
4) Moses plant + stand for plant
5) Tropical plant tree 5 feet tall
6) Radio with double cassette player + disc
7) Notre Dame plaque
8) Bike 26" — 8a) Stereo system w/ 2 speakers, includes disc player, disc
9) Hair dryer
10) Ladies Electric shaver
11) Glasses (50)
12) Flower cart with above 8 small plants
13) 3 cameras
14) Cowboy clock
15) Hutch cupboard
16) 10 NFL cups of various football teams
17) Notre Dame mug
18) 3 antique tables
19) 200 antique Record Albums
20) Black telephone with answering machine
21) Jewelry box with 14kt jewelry, Class ring, Anniversary band
22) Envelope with Emergency money $3,600
23) Music tapes 200 tapes
24) Extra set of keys to a 95 Geo Tracker, hutch cupboard

(EXHIBIT "A")