IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH HARVEY** | : | **CIVIL ACTION – LAW** |
| | : | |
| **Plaintiff,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | **JUDGE CAPUTO** |
| **PLAINS TOWNSHIP POLICE DEPT., et al.** | : | |
| | : | |
| **Defendants.** | : | **NO. 3:01-CV-1768** |

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

**Date conference was held by counsel:** May 27, 2008

**A.  A BRIEF STATEMENT AS TO FEDERAL COURT JURISDICTION.**

The Court has jurisdiction under 28USC §§ 1331 and 1343 as well as 42USC § 1983.

**B.  A SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY.**

The Plaintiff and her boyfriend leased an apartment at 80 East Carey Street, Plains, Pennsylvania.  Plaintiff was required to obtain a temporary Production from Abuse Order from the Court of Common Pleas of Luzerne County as a result of which she was granted exclusive possession of the leased premises.  The boyfriend picked up personal belongings following the hearing on August 17, 1999.  The boyfriend's attorney sent letters to the Plaintiff on August 30, 1999 and September 15, 1999.  The Plaintiff received the August 30, 1999 and did not respond.  She did not receive the September 15, 1999 letter until subsequent to a series of events on September 18, 1999 wherein the Defendant Dombroski accompanied by the landlord and the boyfriend entered into the residence without the Plaintiff's knowledge or consent and removed much of its contents including

items which belonged to the Plaintiff and Three Thousand Dollars ($3,000.00) leaving the apartment in disarray.

The Defendants violated the Plaintiff's Fourth, Fifth and Fourteen Amendment Rights under 42USC § 1983 and caused substantial emotional distress. Both compensatory and punitive damages are being sought.

**C.     A COMPREHENSIVE STATEMENT OF UNDISPUTED FACTS.**

1. Plaintiff and her boyfriend leased an apartment at 80 Carey Street, Plains, Pennsylvania.

2. Plaintiff obtained a Protection from Abuse Order on August 11, 1999.

3. On that date, the boyfriend removed his personal belongings.

4. The attorney for the boyfriend mailed the Plaintiff two (2) letters, one on August 30, 1999 and the second on September 15, 1999 requesting entry to obtain other items allegedly belonging to the boyfriend.

5. The Plaintiff did not respond to the August 30, 1999 letter and did not receive the September 15, 1999 letter until after entry into the apartment was made.

6. On September 18th the boyfriend with the Defendant went to the apartment and gained entry.

7. The Plaintiff was not present.

8. The boyfriend removed several items from the premises and left the premises in disarray.

9. Upon returning that evening, the Plaintiff discovered the break-in.

10. The Plaintiff obtained the September 15th letter that evening from her mailbox.

D. **A BRIEF DESCRIPTION OF DAMAGES, INCLUDING WHERE APPLICABLE:**

1. Compensatory damages for humiliation, pain & suffering, embarrassment, etc…
2. Punitive damages
3. Medical care and treatment.
4. Property damage including $3,000.00

E. **ESTIMATED VALUE OF PAIN AND SUFFERING:**

Three Hundred Thousand Dollars ($300,000.00)

F. **SPECIAL DAMAGE CLAIMS:**

Attorney's fees, costs and prejudgment interest

G. **NAMES AND ADDRESSES OF WITNESSES.**

1. Elizabeth Harvey, Plaintiff
2. Anthony Catanzaro
3. Joan Chukinas
4. Robert Berteski, Erie Insurance
5. Ronald Dombroski, Defendant
6. Edward Olowiany, former boyfriend
7. Girard Mecadon, Esquire (Attorney for boyfriend)
8. Patrick Sriharsha, MD of Northeast Counseling
9. Barbara Burnetski – Northeast Counseling Therapist

**Plaintiff reserves the right to amend the witness list and to call any and all witnesses identified by the Defendants.**

H. **SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS.**

The doctor will testify as to the causation of Plaintiff's emotional distress and his prognosis.

I. **SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY.**

N/A

J. **A SUMMARY OF LEGAL ISSUES INVOLVED.**

42 USC § 1983; Violation of the Fourth, Fifth and Fourteen Amendments; Emotional Distress.

K. **STIPULATIONS DESIRED.**

None

L. **ESTIMATED NUMBER OF TRIAL DAYS.**

Four (4)

M. **ANY OTHER MATTER PERTINENT TO THE CASE TO BE TRIED.**

N/A

N. **PRENUMBERED SCHEDULE OF EXHIBITS.**

Witness List attached

Plaintiff reserves the right to supplement prior to trial.
Plaintiff reserves the right to use all of the Defendants' Exhibits.

O. **SPECIAL VERDICT QUESTIONS.**

To be provided at time of Pretrial.

P. **DEFENSE COUNSEL STATEMENT.**

N/A

Q. **CERTIFICATE REGARDING DEPOSITIONS AND VIDEOTAPES**

N/A

Respectfully Submitted,

4

                    THE LOFTUS LAW FIRM, P.C.


                    *s/Peter G. Loftus, Esquire*
                    Peter G. Loftus, Esquire
                    Attorney ID# 09943
                    P.O. Box V, 1207 North Abington Road
                    Waverly, PA  18471
                    (570) 586-8604