# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH HARVEY,** | : | No. 3:01cv1768 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| **RONALD DOMBROSKI,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court are the plaintiff's (Doc. 142) and defendant's (Doc. 149) motions *in limine*. Having been briefed, the matters are ripe for disposition.

**Background**

This case arises out of a dispute between the plaintiff, her ex-boyfriend, the Plains Township (Pennsylvania) Police Department and Ronald Dombroski. In 1998, plaintiff and Edward Olowiany leased an apartment in Plains Township. Once their relationship fell apart, plaintiff obtained a Protection from Abuse Order (PFA) against Olowiany. The order gave plaintiff exclusive possessory right to the apartment and ordered Olowiany to retrieve all his possessions from the residence immediately. Olowiany removed some of his possessions pursuant to the order, but at a subsequent hearing on the PFA, Olowiany asked the court for permission to return to the home and retrieve material he had been unable to recover on his first trip. The court denied this request, but Olowiany claims that the court ruled that he could return if he obtained plaintiff's consent.

Olowiany's attorney then sent plaintiff a letter requesting that she set a time for him to return to the apartment and retrieve his belongings. The letter contained an itemized list of the material Olowiany intended to recover. Plaintiff did not respond. When he received no response, Olowiany sent plaintiff another letter, this time setting a date, September 18, 1999 at 2 p.m., for him to return to the apartment and recover his things. Olowiany sent a copy of this letter to the Plains Township Police Department and to plaintiff's landlord. Plaintiff contends she never received this letter.

Olowiany arrived at the apartment at the designated time. A supervisor had directed Defendant Ronald Dombroski to accompany him, and Dombroski had with him a list of items to be retrieved drawn from the itemized list sent by Olowiany's attorney. Plaintiff was not at the apartment at the designated time. Olowiany, Defendant Dombroski and plaintiff's landlord went to the apartment, and the landlord opened the door at Dombroski's direction. Olowiany then entered the apartment and removed several items. When plaintiff returned later to the apartment, she found it in disarray. She also contends that several items not on the list were missing.

Plaintiff brought a civil rights action pursuant to 42 U.S.C. § 1983 against Dombroski, her landlord, Police Chief Edward Walsh, the Police Department and the Plains Township Board on September 17, 2001. After discovery, Judge A. Richard Caputo granted summary judgment to all of the defendants. Plaintiff appealed this decision to the Third Circuit Court of Appeals. On November 4, 2005 the Court of

2

Appeals upheld Judge Caputo's decision with respect to all of the defendants except Defendant Dombroski. The court reinstated the case against that defendant and remanded it to this court. After a series of motions and other disputes, Judge Caputo recused himself from the case, and the action was assigned to the present judge. The court scheduled trial and the parties filed the instant motions, bringing the case to its present posture.

**Discussion**

**Plaintiff's Motion**

Plaintiff seeks to preclude Defendant Dombrowski and Edward Olowiany from testifying to their beliefs concerning receipt by plaintiff of a letter from Gerard Macadon, Esquire, dated September 15, 1999. She also seeks to prevent Dombroski and Olowiany from testifying that they assumed they had permission to enter plaintiff's apartment and remove items from it because they had not heard objections from the plaintiff. Further, plaintiff argues that Dombroski should not be allowed to testify about the Sheriff's service of PFA orders on the plaintiff or plaintiff's contact with the Plains Township Police. Finally, plaintiff contends that the court should preclude Officer Dombroski from offering testimony concerning his conversations with Sergeant Armstrong prior to his arrival at the residence.

Plaintiff argues that Dumbroski and Olowiany cannot testify to whether plaintiff received the letter because they lack personal knowledge of that event. Defendant responds that he and Olowiany will not testify that plaintiff had received the letter, but

3

instead will testify that they believed she received it because it had been mailed to her address. Such testimony, defendant contends, is relevant to the issues in the case and should not be excluded. The court agrees with the defendant. Under the Federal Rules of Evidence, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 602; see, e.g., M.B.A.F.B. Federal Credit Union v. Cumis Ins. Soc., 681 F.2d 930, 932 (4th Cir. 1982) (finding that "[e]vidence is inadmissible under this rule only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to.") (citing 2 J. Wigmore, EVIDENCE § 658 (J. Chadbourn Rev. 1979)). Here, the witnesses cannot testify that plaintiff received the letter sent her three days before they arrived to remove material from her apartment. They can testify, however, that they believed she had received the letter. Plaintiff denies that she received the letter, and a jury will have to decide whether her denial is credible. That jury will also have to decide whether Defendant Dombroski was justified in his belief that plaintiff's silence on the matter meant that she acquiesced in entry to the apartment. The motion *in limine* will be denied on this point.[1]

---

[1] While plaintiff's motion references hearsay testimony which she contends should be excluded, her brief offers no argument on this issue other than a general statement about hearsay. Defendant offers no argument on this matter either. As a general matter, the court will exclude an out-of-court statement offered for the truth of the matter asserted unless the proponent of that statement demonstrates that the statement is not hearsay or provides a suitable exception to the hearsay rule. See FED. R. EVID. 801(c) (defining hearsay as "a statement, other than one made by the delcarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."); FED. R. EVID.

4

**Defendant's Motion**

Defendant seeks an order from the court precluding plaintiff from referring to Defendant's entry into her apartment as an "illegal break-in" or a "break-in" or from describing the incident using other words or phrases which would indicate that the entry was "unlawful, illegal or improper" or that it was conducted with force. Defendant argues that such statements are not facts, and should be inadmissible as improper opinions. Further, defendant contends that plaintiff's opinion on the legality of the entry is improper, because testimony embracing an ultimate issue is only admissible if the person providing the testimony is qualified as an expert. Even if such statements were termed evidence, defendant argues that it should be excluded as unduly prejudicial.

The court will deny this motion. Plaintiff has raised a claim that her constitutional rights were violated by an illegal break-in. The very nature of her complaint alleges this fact. A jury would expect the plaintiff to assert that her rights were violated as part of her testimony, and will have to weigh that statement against the facts it determines are applicable to the case. Plaintiff's claims of violations of her rights will not be taken as an authoritative statement, but merely a claim of wrong by one who brought suit on that claim. Defendant would not be prejudiced by having

---

801(d)(1-2) (defining inconsistent prior statements and statements of party opponents as not hearsay); FED. R. EVID. 802 (establishing that "[h]earsay is not admissible except as provided by these rules"); FED. R. EVID. 803 (establishing exceptions to the hearsay exclusion). Such questions about particular testimony, however, are best left for the trial. We will therefore deny that part of plaintiff's motion as premature.

the plaintiff state her claim, nor would the jury be unduly influenced.

**Conclusion**

We will deny the plaintiff's and the defendant's motions *in limine.* An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH HARVEY,** | : | No. 3:01cv1768 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| **RONALD DOMBROSKI,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 5th day of June 2008, the plaintiff's motions (Doc. 142) *in limine* are hereby **DENIED**. The defendant's motion *in limine* (Doc. 149) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**