# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ELIZABETH HARVEY | : | CIVIL ACTION – LAW |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | JUDGE CAPUTO |
| PLAINS TOWNSHIP POLICE DEPT., et al. | : | |
| | : | |
| Defendants. | : | NO. 3:01-CV-1768 |

## PLAINTIFF'S TRIAL BRIEF

## FACTUAL BACKGROUND

The Plaintiff and her boyfriend leased an apartment at 80 East Carey Street, Plains Pennsylvania. Plaintiff was required to obtain a temporary Protection from Abuse Order from the Court of Common Pleas of Luzerne County as a result of which she was granted exclusive possession of the leased premises. The boyfriend picked up personal belongings following the hearing on August 17, 1999. The boyfriend's attorney sent letters to the Plaintiff on August 30, 1999 and September 15, 1999. The Plaintiff received the August 30, 1999 and did not respond. She did not receive the September 15, 1999 letter until subsequent to a series of events on September 18, 1999 wherein the Defendant Dombroski accompanied by the landlord and the boyfriend entered into the residence without the Plaintiff's knowledge or consent and removed much of its contents including items which belonged to the Plaintiff and Three Thousand Dollars ($3,000.00) leaving the apartment in disarray.

The Defendants violated the Plaintiff's Fourth, Fifth and Fourteenth Amendment Rights under 42USC § 1983 and caused substantial emotional distress. Both compensatory and punitive damages are being sought.

# LAW OF THE CASE

## FOURTH AMENDMENT CLAIM

The Court (J.Caputo) found that (the law was unquestionably clear in September 1999 that the Fourth Amendment prohibited unreasonable searches & seizures of a person's home by the police without a warrant citing **Patten v. New York, 445US 573, 583-85(1980)**. This was sustained in the Third Circuit Court of Appeals decision in **Harvey v. Plains Township Police Department, No. 04-1148(2005)**.

A warrant is required to validate a search & seizure, **Johnson v. State, 667$2^{nd}$ 646(FL 1995) cert. denied 517 US 1159, 116S.Crt. 1550, 134L.Ed.2nd 653(1996)**. In the instant case, there was no emergency nor was there probable cause to believe that any crime had been committed.

## PROCEDURAL DUE PROCESS

Deprivation of any property or liberty entitlements under state law requires that a State adhere to constitutionally defined guarantees of procedural due process. Rights to procedural due process may flow directly from the Fourteenth Amendment itself not from underlying State law, **Wolfenbarger v. Williams, 774F.2nd 358(10th Cirt. 1985)**. It is well established that possessory interests in property invoke procedural due process protections, **Fuentes v. Shevin, 407US 67, 87, 92S.Crt. 1983, 32L.Ed. 2nd 556 (1972)**.

At the current procedural due process *Jurist prudence* is the right to advance notice of significant deprivations of liberty of property and to a meaningful opportunity to be heard, **LaChance v. Erickson, 522US 262 118S.Crt. 753, 756, 139L.Ed. 2nd 695 (1998)**. In **Abbott v. Latshaw, 164F.3rd 141(3rd Cirt. 1998) cert.denied 527US1035, 144L.Ed.2nd 794, 119S.Crt. 2393(1999)**, the Third Circuit considered the liability of a constable and

police lieutenant for the informative intervention and aid in a private repossession. In that case, the Third Circuit found that the right to advance notice of significant deprivations of property to a meaningful opportunity to be heard prior to a deprivation were required by due process. The Court also found that a reasonable trier of fact could found the constable and police lieutenant liable for the role in the seizure.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Plaintiff had pled that she has sustained emotional distress as a result of the actions of the Defendants. It is noteworthy the Plaintiff did not set forth whether it was intentional or negligent. There are two (2) causes of action for Infliction of Emotional Distress. Intention Infliction of Emotional Distress has been accepted in the Federal Courts who have adopted the Restatement Rule which provides "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and if bodily harm to the other results from it for such bodily harm, **Restatement Tort 2nd Section 46(1965); Wisniewski v. John's Manville Corporation, 812F.2nd 81(3rd Cirt. 1987); Bowersox v P.H. Glatfelter Company, 677F.Supp. 307(MDPA 1988)**. It is clear that the Defendants' conduct is outrageous in character and so extreme in degree as to go beyond all possible bonds of decency as is regarded as atrocious and utterly intolerable in a civilized community, **Wisniewski, supra.** Here the Defendants' conduct was both intentional and reckless. It is also essential that to the maintenance of a cause of action for Intentional Infliction of Emotional Distress that the Plaintiff produce expert testimony or at least some evidence besides his own unsubstantiated claims with regard to his injuries, **Kazatsky v. King David Memorial Park, 515Pa. 183, 527A.2nd 988(1987)**.

3

Negligent Infliction of Emotional Distress is a second type which must be considered. While originally physical impact was required this has been subsequently extended to allow for recovery where there has been an identifiable traumatic incident which must be observed by the Plaintiff. Thus, the contemporary observance requirement is satisfied where the person arrives at the scene of the incident and discovers her apartment having been unlawfully entered and personal belongings having been removed. See, **<u>Neff v. Lasso</u>, 382Pa. Super 487, 555A.2nd 1304(1989)**.

## **<u>DAMAGES</u>**

The Plaintiff is entitled to compensatory damages for items which were taken illegally during the course of the search which are enumerated herein. Under Federal Rule of Evidence 602 and 701, the Plaintiff will testify to the value of these items:

1. 27" Zenith television
2. Entertainment center
3. 150 VCR tapes
4. Moses plant & stand for plant
5. Tropical plant tree (5')
6. Radio with double cassette player & disc
7. Notre Dame plaque
8. Bike 26"
9. Stereo system with disc player, discs, 2 speakers
10. Hair dryer
11. Ladies electric shaver
12. Glasses (50)
13. Flower container with above 8 small plants
14. 3 cameras
15. Cowboy clock
16. Hutch cupboard
17. 10 NFL cups of various football teams
18. Notre Dame mug
19. 3 antique tables
20. 200 antique record albums
21. Black telephone with answering machine
22. Jewelry box with 14kt jewelry anniversary band, class ring
23. Envelope with emergency money ($3,000)
24. Music tapes (200)

25. Extra set of keys to 95 Geo Tracker

The Plaintiff is entitled to the pain & suffering she sustained as a result of the violation of her Civil Rights and in this regard is separately entitled to emotional and physical suffering as well as the loss of enjoyment of life, humiliation, embarrassment and loss of reputation.

The Plaintiff is entitled to punitive damages for emotional distress, invasion of privacy, negligent actions and violation of her Civil Rights. The type of conduct that would justify an award of punitive damaged has been described by the Courts as conduct that is outrageous with reckless indifference to the rights of others and performed in reckless disregard of other's rights. Here damages are appropriate to punish and deter to insure that similar actions are not repeated.

In the Civil Rights violations under the Fourth, Fifth and Fourteenth Amendment, the Plaintiff is also entitled to attorney's fees.

Respectfully Submitted,

THE LOFTUS LAW FIRM, P.C.


*s/Peter G. Loftus, Esquire*
Peter G. Loftus, Esquire
Attorney ID# 09943
P.O. Box V, 1207 North Abington Road
Waverly, PA  18471
(570) 586-8604