IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH HARVEY,** | : | No. 3:01cv1768 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| **RONALD DOMBROSKI,** | : | |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

Before the court is a letter from plaintiff to the official court reporter in this case (Doc. 201). Plaintiff's letter complains that the court reporter has not complied with the court's order to provide her with a transcript of the trial proceedings at no cost. According to the plaintiff, she requested that the entire trial proceedings be transcribed, except for the jury voir dire. The record the court reporter provided, however, did not include a transcription of the opening statements and closing arguments of either side, which the plaintiff had requested. The court addresses this issue merely to certify for the record that the court reporter has complied fully with the order in question.

Federal law provides that "[f]ees for transcripts furnished in other proceedings [than criminal appeals or habeas corpus actions] to persons permitted to appeal in forma pauperis shall also be paid by the United States *if the trial judge or a circuit judge certifies that the appeal is not frivolous* (but presents a substantial question)." 28 U.S.C. § 753(f) (emphasis added). The court must therefore determine whether

the plaintiff has raised "a substantial question" for appeal that would justify the preparation of a transcript at the court's expense. See, e.g., Liner v. Wright, 463 F. Supp. 2d 365, 365 (W.D. N.Y. 2006) (allowing provision for free of portions of a transcript that contain "some discussion on the record of the reasons why I denied plaintiff's request for any attorney" pursuant to 28 U.S.C. § 753(f) since that issue raised a "substantial question" for appeal.). The court undertook that task in response to a motion from the plaintiff and concluded that the record should be produced. (See Doc. 195). While plaintiff raised some issues for appeal–like a claim of ineffective assistance of counsel--that the court deemed wholly frivolous, the court concluded that plaintiff had raised a genuine issue concerning the court's instructions to the jury. Accordingly, the court allowed production of the transcript at no expense to the plaintiff.

The court did not order the court reporter to provide a transcript of every element of the trial proceedings, however. A trial transcript does not normally include every word spoken in the courtroom during the trial. Even in criminal appeals, the court reporter is not generally required to transcribe the parties' opening statements or closing arguments, the jury voir dire or the jury instructions unless ordered by the court to do so. (See Form CJA 24, Authorization and Voucher for Payment of Transcript, line 13). Those elements of the trial are not evidence used to determine the verdict, and courts generally allow their transcription only when the appeal raises claims about them. See, e.g., United States v. Newsom, 493 F. 2d

439, 441 (5th Cir. 1974). In civil matters, the transcript request form echoes these limitations, providing that "if proceeding to be transcribed was a trial, also check any appropriate box below for special requests; otherwise, this material will *NOT* be included in trial transcripts." (See Doc. 201) (emphasis in the original). Plaintiff was apparently aware that a trial transcript does not normally include every word spoken in the courtroom; in her request for a transcript she sought opening statements, closing arguments and jury instructions, but did not ask for a transcription of the voir dire. (Id.).

Here, the court determined that the plaintiff was not entitled to all of the record that she requested. The court explained that plaintiff's non-frivolous claims included complaints about the jury charge and an allegation that no court had ruled on one of the claims raised in plaintiff's complaint. The preparation of the trial transcript, the court reasoned, would allow plaintiff to show that evidence existed to support the claim she insists the courts ignored and to demonstrate that the court's jury charge was delivered in error. At the same time, the court concluded that plaintiff had no right to raise a claim of ineffective assistance of counsel in a civil matter. As such, transcription of the lawyers' opening and closing statements was unnecessary. In authorizing the production of the transcript free of charge, therefore, the court ordered the normal record to be supplemented to include the jury instructions. (See Doc. 200). While plaintiff may desire additional portions of the transcript, the court concluded they were unnecessary and did not order their production. The court

reporter expeditiously filled this transcript request as ordered by the court. Of course, if plaintiff would like a transcript of those portions of the trial deemed unnecessary by the court, she may contract with the court reporter and arrange to pay for them. Accordingly:

**AND NOW**, to wit, this ___12th__ day of February 2009, the court hereby certifies that the Official Court Reporter has fully complied with the court's order of January 29, 2009 (Doc. 195) requiring that she provide the plaintiff with a trial transcript free of charge. Plaintiff is not entitled to receive copies of the plaintiff and defendant's opening and closing statements.

BY THE COURT:

JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT